THOMS et ux. v. ESKEW et al.

Motion No. 8071.

Court of Civil Appeals of Texas. Austin.

May 29, 1935.

Harris & Harris, of Austin, for the motion.

PER CURIAM.

This is an application "to require" the district judge "to require and instruct" the district clerk to prepare and file the transcript, and "to require and instruct" the court reporter to prepare and file a statement of facts in a cause tried in said court, in which relators (defendants therein) sought to appeal (by writ of error) to this court upon a pauper's oath in lieu of a bond. The clerk contested the affidavit, and the judge sustained the contest.

Treating the application as one for a writ of mandamus to compel the clerk and court reporter to perform ministerial duties, we have reached the conclusion that the application should be denied.

The evidence upon the hearing of the contest shows that in January, 1933, Mr. Thoms owned a vendor's lien note which he then sold for $1,500 cash. He has had no employment since that date, and the record shows that a large part of this money had been used in living expenses; just how much was not shown. Upon cross-examination Mr. Thoms testified:

"Q. How much money have you, Mr. Thoms? A. Well, I couldn't tell exactly to a cent; I believe a few dollars to live on.

. "Q. Are you not using money that you have had, to live on? A. Yes, sir; in fact I have lots of debts. I have debts that I am not able to pay."

The requirement of the statute (article 2266, Vernon's Ann. Civ. St.) is that the party appealing must make affidavit that he is unable to give bond or to pay the costs, or any part thereof. As interpreted by the Supreme Court, where the party is able to pay the costs or any part thereof, he may show that fact by affidavit and be permitted to appeal by depositing the amount he is able to pay. Pendley v. Berry, 95 Tex. 72, 65 S. W. 32. The statute, while affording the right of appeal to one complying as far as within his means with its provisions, does not accord that right to one with means of compliance either in whole or in part, unless there be compliance, or offer thereof, to the extent of such means. The possession of money, even though retained for future living expenses, constitutes ability to pay to the amount thereof. Mr. Thoms having admitted that he had some money, which he characterized as "a few dollars to live on," the amount of which was a matter peculiarly within his own knowledge, and not having declared the amount or offered to pay, deposit, or otherwise secure its application to the costs, we do not believe the trial judge abused his discretion in sustaining the contest.

We have reached this conclusion independently of a conflict in testimony between the clerk and one of relators' attorneys regarding a statement by the latter at the time the oath was filed relative to relators' ability to pay.

While it may not have bearing upon the instant proceeding, it may not be altogether out of place to state that relators sought to appeal from the order sustaining

the contest, and filed an appeal bond in the sum of $200, which the clerk approved. This appeal was dismissed, and thereafter relators paid the costs incurred therein in this court. See Thoms v. Eskew (Tex. Civ. App.) 81 S.W.(2d) 713.

The application is denied.

Application denied.