Gertrude Luetta McCARTNEY, Relator,

v.

Hon. Herman W. MEAD, Judge, Court of Domestic Relations No. 2, Harris County, Texas, Respondent.

No. 16757.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 12, 1976.

L. A. Greene, Jr., Houston, for appellant.

Joe Resweber, County Atty., Bradley Seals, Asst. County Atty., Houston, for appellee.

EVANS, Justice.

This original proceeding for mandamus was brought by Relator, Gertrude Luetta McCartney, to compel the Honorable Herman W. Mead, Judge of the Court of Domestic Relations No. 2, Harris County, Texas, to approve relator's affidavit of inability to pay costs of appeal.

Rule 355, Texas Rules of Civil Procedure provides:

"(a) When the appellant is unable to pay the costs of appeal or give security therefor, he shall be entitled to prosecute an appeal by filing with the clerk his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor.

"(b) The appellant or his attorney shall forthwith give notice of the filing of such affidavit to the opposing party or his attorney.

"(c) Any interested officer of the court or party to the suit, may, by sworn pleading, contest the affidavit within ten days after the giving of such notice whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is pending shall set the contest for hearing, and the clerk shall give the respective parties notice of such setting.

"(d) Upon such hearing the burden of proof shall rest upon the appellant to sustain the allegations of his affidavit.

"(e) Where no contest is filed in the allotted time the allegations of the affidavit shall be taken as true.

"(f) Where the appellant is able to pay or give security for a part of the costs of appeal he shall be required to make such payment or give such security (one or both) to the extent of his ability."

The divorce judgment from which relator appeals was entered on March 16, 1976. Subsequently, on May 3, 1976, the trial court overruled relator's motion for new trial and denied relator's motion for temporary support during the appeal. On May 5, 1976, relator filed an affidavit of inability to pay the costs of appeal, which was timely contested. On May 20, 1976, the divorce

court sustained the contest and refused to approve the affidavit of inability to pay costs. This proceeding was then filed on May 25, 1976. During the pendency of this original proceeding for mandamus, the relator posted an appeal bond and has filed a transcript and statement of facts.

This court is first required to determine whether the posting of an appeal bond by relator renders moot this proceeding for mandamus.

■ This court's authority to issue a writ of mandamus under these facts is limited to the protection or enforcement of its acquired jurisdiction under Article 1823, Tex.Rev.Civ.Stat.Ann. The filing of an appeal bond in the trial court vests jurisdiction in this court for the purpose of issuing such writs and orders as may be necessary to protect its acquired jurisdiction. *Schrader v. Garcia*, 512 S.W.2d 830 (Tex.Civ.App. —Corpus Christi 1974, no writ). This jurisdiction also vests by reason of the filing of an affidavit showing inability to give cost bond. *Carlisle v. Wilson*, 103 S.W.2d 434, 436 (Tex.Civ.App.—Galveston 1937, no writ).

Rule 363, Texas Rules of Civil Procedure, provides in part:

"When a bond is required by law the appeal is perfected when the bond or affidavit in lieu thereof has been filed, or if affidavit is contested, when the contest is overruled."

■ If an affidavit filed pursuant to Rule 355 is not timely contested, jurisdiction vests in the appellate court as of the date of the filing of the affidavit. *Coleman v. Long*, 407 S.W.2d 279, 281 (Tex.Civ.App. —Dallas 1966, no writ), and authorities therein cited. Under such circumstances the subsequent filing of a cost bond would not have rendered a mandamus proceeding moot. An appeal can only be perfected once, either by the giving of a cost bond or by the filing of proper affidavit, each method being exclusive of the other. *De Miller v. Yzaguirre*, 143 S.W.2d 425, 427 (Tex.Civ. App.—El Paso 1940, writ ref'd).

The question here is whether an ultimate determination that the affidavit of inability to pay costs should have been sustained is considered to relate back to the date of the trial court's ruling on the contest, thus perfecting the appeal at that time.

■ If relator, at the hearing on the contest to her affidavit, met the burden of proof imposed upon her by Rule 355, she was entitled to have the contest overruled at that time. If her affidavit is ultimately sustained, her appeal should be considered as having been perfected on the date the trial court entered its order on the contest. Rule 363, T.R.C.P. In such event, the subsequent filing of an appeal bond would have no legal effect on the appeal which would already have been perfected. Therefore, the matters raised by relator's application for mandamus are not moot.

Relator contends that she did not receive appropriate notice of the hearing on the contest and that she was prejudiced by the trial court's refusal to grant her request for a one-day continuance.

The counsel for respondent testified at the hearing that a copy of the contest was, through oversight, sent to the wrong attorney; that upon discovering the mistake, he telephoned the law offices of relator's counsel about 4:30 p.m. on the day prior to the hearing and notified a lawyer with that firm that the contest had been filed and a hearing was to be held the following day. Relator's counsel appeared at the hearing and requested that the case be reset for the following day so that the district clerk, who had signed the contesting affidavit, could be called as a witness and examined as to his knowledge of the facts.

■ A notice of the filing of a contest may be given by any means by which the party or his attorney is given actual notice of the filing. Rule 355, T.R.C.P.; *Stark v. Dodd*, 76 S.W.2d 865, 867 (Tex.Civ.App.— Beaumont 1934, no writ); *Smirl v. Globe Laboratories*, 144 Tex. 41, 188 S.W.2d 676, 671 (1945).

■ The question is whether relator received reasonable notice of the hearing set-

ting and, if she did not, whether she was prejudiced by the trial court's refusal to set the case over one day. Relator's counsel does not complain that he was unable to prepare for the hearing because of the short notice; rather he complains of the unavailability of the district clerk for questioning. The testimony of relator was not disputed and there is no showing that the district clerk's knowledge, or lack of knowledge, of the facts stated in the contesting affidavit would have assisted relator in meeting her burden of proof. Relator has failed to establish harm by reason of the short notice of the hearing and the trial court's refusal to grant the requested continuance.

■ The remaining question for this court's determination is whether the record reflects an abuse of discretion on the part of the trial court in sustaining the contest and in refusing to approve the affidavit of inability to pay costs. *Tubbs v. Coker*, 401 S.W.2d 272 (Tex.Civ.App.—Houston 1966, no writ). In making this determination this court must determine whether the record as a whole shows by a preponderance of the evidence the relator's inability to pay the costs of appeal, or any part thereof, or give security therefor. *Tubbs v. Coker*, supra; *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942).

Relator's testimony is uncontroverted. She has an eighth grade education and her physical disabilities have prevented her from becoming permanently employed. During the pendency of the divorce she worked a total of one week and earned $138.00. Since the divorce she has received no other income and her only assets are those which were awarded to her under the divorce judgment. She had in her possession certain certificates of deposit, stock certificates, rings, a mink stole and other items of personal property. She had borrowed $1,000.00 against a margin account, but she had borrowed all she could against that account. She was awarded a townhouse under the decree and her expenses are a little more than $1800.00 each month. She was possibly four months in arrears in the mortgage payments on her townhouse.

She had not, however, attempted to borrow any money in order to pay for the costs of the appeal.

The appeal bond was set in the amount of $500.00. The parties' estate is substantial enough to insure that regardless of the ultimate decision on appeal, relator will own enough assets to pay the costs which might be adjudged against her. Although the parties stipulated that the court reporter had a policy of requiring a cash payment in advance prior to the production of the statement of facts, the relator might have compelled the court reporter to prepare the statement of facts without payment of an advance fee. See *City of Ingleside v. Johnson,* 537 S.W.2d 145 (Tex.Civ.App.—Corpus Christi 1976, no writ).

Relator contends that her only source of funds was from the benefits of the divorce judgment; that she could not voluntarily use the assets awarded to her without running the risk of being estopped to prosecute the appeal.

■ It is generally true that a litigant cannot treat a judgment as both right and wrong, and if the litigant voluntarily accepts the benefits of the judgment he cannot afterward prosecute an appeal therefrom. An exception to this rule exists where a reversal of the judgment will not reduce the benefits which the appealing party has secured thereby. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); *Roye v. Roye,* 531 S.W.2d 242 (Tex.Civ.App. —Tyler 1975, no writ); *Greenspot Desert Inns, Inc. v. Roy,* 63 Cal.App.2d 54, 146 P.2d 39 (1944). An exception may also exist where financial duress compels an involuntary acceptance of the judgment's benefits. See *Cherokee Nation v. United States,* 355 F.2d 945, 949, 174 Ct.Cl. 131 (1966); *Greenspot Desert Inns, Inc. v. Roy,* supra; 4 Am.Jur.2d § 251, p. 747.

■ The record does not show that relator made any effort to borrow funds for the purpose of giving cost bond. The evidence shows that regardless of the ultimate disposition of specific property, the value of relator's interest will substantially exceed the

amount of any costs which might be adjudged against her. The use of her interest as security for a loan to give a bond for costs would not, in the view of this court, constitute a voluntary acceptance of the benefits of the divorce judgment. Since the record does not reflect that the relator made any effort to borrow funds she did not meet her burden at the hearing on the contest. *Stephens v. Dodson*, 226 S.W.2d 924 (Tex.Civ.App.—Dallas 1950, no writ).

Relator's application for writ of mandamus is denied.