Betty Minyard STEIN

v.

Joseph E. FRANK et ux., and Larry Murdock, County Clerk, Dallas County, Texas, et al.

Nos. 22620, 22621, 22624 and 22659.

Court of Civil Appeals of Texas, Dallas.

Dec. 15, 1978.

Betty Minyard Stein, pro se.

Norman P. Hines, Jr., Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

On motion for rehearing our prior opinion is withdrawn.

� Petitioner, Betty Minyard Stein, filed four motions in this court seeking respectively to compel our clerk to file a transcript, to allow her to proceed without payment of costs, to have the justices of this court disqualify themselves, and for leave to file a writ of mandamus. Our clerk refused to file the transcript since petitioner did not tender a filing fee. Petitioner filed an affidavit of inability to pay costs with the trial court which was contested, but she filed an appeal bond before the contest was disallowed. We hold that once petitioner filed her appeal bond, she abandoned her affidavit and thus, her appeal was perfected when the bond was filed, and she is not entitled to proceed without payment of costs. We also hold that no pertinent grounds are set out in her motion for disqualification, and finally, that petitioner has failed to present to this court any grounds upon which mandamus would lie. Accordingly, we deny all motions.

▬ Petitioner filed her affidavit of inability to pay costs in the trial court on August 2, 1978. The contest was filed on August 3, 1978, and the hearing was set for August 11, 1978, and subsequently continued to September 8, 1978. On August 11, 1978, appellant filed her appeal bond. The trial court denied the contest on August 18, 1978. As a general rule, an appeal can only be perfected once, either by the giving of a cost bond or by the filing of a proper affidavit of inability to pay costs, each method being exclusive of the other. Tex.R.Civ.P. 355; *De Miller v. Yzaguirre*, 143 S.W.2d 425 (Tex.Civ.App.—El Paso 1940, writ ref'd). In *De Miller*, appellant filed an affidavit of inability to give an appeal bond which was timely contested. At the hearing on the contest, the trial court's order stated that the appellant had procured a bond and that appellant would file it on the same day as the contest. The order then denied the contest. The court held that such action was an abandonment of appellant's appeal by affidavit as to inability. We agree and hold that appellant properly perfected her appeal by filing an appeal bond on August 11, 1978. The trial court lost jurisdiction over the cause at that time under Tex.R. Civ.P. 363, because the appeal was perfected when the appeal bond was filed. The trial court then had no further jurisdiction. *Panhandle Construction Co. v. Lindsey,* 123 Tex. 613, 72 S.W.2d 1068 (1934). Consequently, the order of August 18 overruling the contest had no effect. For similar reasons, the filing of the appeal bond effectively precludes her from proceeding without payment of costs.

Petitioner also seeks to have the three justices of this court disqualify themselves. She says we are biased because we decided a previous case against her. This fact, even if true, does not show bias, and thus, the motion is denied.

With respect to petitioner's motion to file a petition for writ of mandamus, petitioner seeks a writ so "that Judge Coker will not destroy certain records, including bills of exceptions, and affidavits." Leave is denied because the motion fails to show grounds for a writ of mandamus. Under Tex.Rev.Civ.Stat.Ann. arts. 1823, 1824 (Vernon 1964), courts of civil appeals may issue mandamus only in protection of their appellate jurisdiction or to order a trial judge to proceed to trial and judgment. *Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial District,* 362 S.W.2d 101 (Tex.1962); *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial District of Texas,* 162 Tex. 613, 350 S.W.2d 330 (1961); *Brown v. American Finance Co.,* 432 S.W.2d 564 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); *Julian v. Hoffman,* 520 S.W.2d 935 (Tex.Civ.App.—Dallas 1975, no writ). The jurisdiction exercised by this court in granting the writ must therefore come within the purview of the above two statutes.

It is apparent that petitioner is complaining of an action of a trial court that relates to Tex.R.Civ.P. 372. She has not alleged or shown that she has complied with the procedure enumerated therein and as stated in *Mansfield State Bank v. Cohn,* 573 S.W.2d 181 (Tex.1978). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules. The writ of mandamus, being a legal remedy clothed with principles of equity, is available to compel action on the part of those charged with positive duties because of their official position. *Smith v. Grievance Committee, State Bar of Texas for District 14–A,* 475 S.W.2d 396 (Tex.Civ.App.—Corpus Christi 1972, no writ). However,

mandamus will not issue to compel a public official to perform an official act unless the official has refused to perform it and the record shows the relator's right to have the act performed. *See Hendricks v. Board of Trustees of Spring Branch Independent School District,* 525 S.W.2d 930 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.); *City of Ingleside v. Johnson,* 537 S.W.2d 145, 150 (Tex.Civ.App.—Corpus Christi 1976, no writ).

Since petitioner has not shown that she falls within the ambit of our jurisdiction to issue a writ of mandamus, her motion for leave is denied.

Motions denied.