**Marilyn Lue DUNN, Appellant,**

v.

**DALLAS COUNTY CHILD WELFARE UNIT OF the TEXAS DEPT. OF HUMAN RESOURCES, Appellee.**

**No. 20335.**

Court of Civil Appeals of Texas, Dallas.

Jan. 18, 1980.

Jerry Wayne Adkins, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Dealva Miller, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

Appellant has filed a motion to extend the time for filing the statement of facts in this appeal from a decree terminating her parental rights as to her daughter. At the same time, the appellee has filed a motion to increase the security for costs because the court reporter states that the cost of producing the statement of facts will be between $2,500 and $3,000. We grant both motions.

The trial court entered its decree of termination on October 19, 1979. Appellant then perfected her appeal by filing a $500 appeal bond on November 9, 1979. *See* Tex.R.Civ.P. 356(a). On November 21, in response to the court reporter's refusal to

produce the statement of facts until the expected costs of $2,500 had been paid, appellant filed her affidavit of inability to pay the costs of appeal. *See* Tex.R.Civ.P. 355(a). She contended that she could not even pay the amount of the original bond, but her attorney had advanced her sufficient funds. A motion was then filed with the trial court to consider appellant's affidavit in lieu of the cost bond. The trial court properly stated that it lacked jurisdiction to consider that contest. This court has held that, "[a]s a general rule, an appeal can only be perfected once, either by the giving of a cost bond or by the filing of a proper affidavit of inability to pay costs, each method being exclusive of the other." *Stein v. Frank*, 575 S.W.2d 399, 400 (Tex. Civ.App.—Dallas 1978, no writ). Thus, the prior filing of appellant's appeal bond perfected her appeal and served to remove jurisdiction of this case from the trial court. Her subsequent filing of an affidavit of inability to pay costs of appeal was without effect.

Moreover, appellant's affidavit would have been ineffective even had no appeal bond been filed because rule 356 requires that an affidavit in lieu of bond be filed not more than twenty days after judgment is rendered. Subdivision (b) of rule 356, which allows the filing of an affidavit in lieu of bond, is mandatory and jurisdictional in the same respect as the rest of that rule, and, therefore, no extension of the time limits provided therein is allowed. *Fugitt v. Slay*, 329 S.W.2d 358, 360 (Tex. Civ.App.—Dallas 1959, writ dism'd).

In light of these rulings, a party contemplating an appeal must determine the potential costs of that appeal and, if he is unable to pay or secure the payment of such costs, he must file an affidavit within the twenty-day period prescribed by rule 356(b). Since no provision presently exists in the rules for filing an affidavit of inability to pay the costs of appeal after expiration of the twenty-day period, the potential appellant must anticipate that a motion to increase security for costs may thereafter be filed. Inability to pay such increased costs is not a defense to such a motion.

Accordingly, appellee's motion, being properly supported by affidavits indicating the expected costs, is granted, increasing the security for costs to $3,000, and appellant's motion is granted, extending the time for filing the statement of facts to March 14, 1980. Tex.R.Civ.P. 365; *see Volpe v. Stephens*, 589 S.W.2d 809, 812 (Tex.Civ.App. —Dallas 1979, no writ).