Vincent ANZALDUA, et al., Appellants,

v.

Henry WHITMAN, Jr., et al., Appellees.

No. 13–83–412–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 17, 1983.

Rehearing Overruled Dec. 29, 1983.

James C. Harrington, American Civil Liberties Foundation of Texas, Inc., Austin, Bill Blackburn, Corpus Christi, for appellants.

Richard Hall, Gary, Thomasson, Hall & Marks, James F. McKibben, J.A. Canales, Canales & Garza, Corpus Christi, for appellees.

Before NYE, C.J., and BISSETT, YOUNG, UTTER, KENNEDY and GONZALEZ, JJ., En Banc.

## OPINION

### PER CURIAM.

Before us is appellees' motion to dismiss the appeal. Final judgment was signed in this cause on June 2, 1983. The appeal bond was due to be filed within ninety (90) days of the signing of the judgment on August 31, 1983. TEX.R.CIV.P. 356(a).[1] Appellants filed their appeal bond on the last day. The record was due to be filed in this Court on September 12, 1983. Rule 386.

As a result of a timely filed motion, the appellants were granted an extension of time to file the transcript and statement of facts. The transcript was subsequently timely filed with the Clerk of this Court.

The statement of facts is due to be filed on January 23, 1984.

Appellees, represented on appeal by three different attorneys, have each filed motions to dismiss the appeal, and appellants have responded. In order to properly consider appellees' motions, a brief review of relevant rulings of the trial court, the various responses by the parties and a chronological order of events is necessary.

June 2, 1983 Final judgment

August 31, 1983 A timely cash bond certificate was filed by appellants. Rule 354.

August 31, 1983 Appellants filed a Motion for a Transcript of the Record, Statement of Facts, and for Permission to Proceed on Appeal Without Giving Further Security Herein. Rule 355

September 7, 1983 Appellees filed a contest to appellants' pauper's affidavit. Rule 355(c)

September 7, 1983 The Official Deputy Court Reporter for the 105th Judicial District Court of Nueces County filed a contest to appellants' pauper's affidavit.

September 8, 1983 The Court Reporter filed a motion to increase the appeal bond. Rule 354(a)

September 10, 1983 The court increased the amount of bond to $43,500.00, to be filed by October 10, 1983.

September 17, 1983 The trial court entered an order denying appellants' pauper's affidavit. Rule 355(a)

September 22, 1983 This Court granted an extension of time to file the transcript and statement of facts.

Appellees' motions to dismiss the appeal rely principally on the ground that after appellants' appeal was perfected, the trial court entered an order increasing the amount of the bond, and appellant failed to comply with the order. Therefore, the appeal should be dismissed. We agree.

Rule 354(a), in part, provides:

"The trial court's power to increase the amount of the bond shall continue for

---

1. All references are to Texas Rules of Civil Procedure.

thirty days after the bond or certificate is filed, but no order increasing the amount of the bond shall affect perfecting of the appeal or the jurisdiction of the appellate court. If a motion to increase the amount of bond is granted, the clerk and official reporter shall have no duty to prepare the record until the appellant complies with the order increasing the bond. *If the appellant fails to comply with such order, the appeal shall be subject to dismissal or affirmance under Rule 387.*" (Emphasis added.)

In the case before us, the trial court entered an order increasing the amount of bond. The court set a date certain in which the increased bond was to be filed. The appellants did not comply with the court's order. Therefore, the cause is subject to dismissal. Rules 354(a), 387. Rule 387(a) provides in part:

> "(a) If an appeal or writ of error has been perfected, but is subject to dismissal for want of jurisdiction or for failure of appellant to comply with any requirements of these rules or any order of the court, the appellee may file a motion for dismissal ..."

 In appellants' unsworn answer to appellees' motions to dismiss the appeal, appellants argued that the motions to dismiss must fail as a matter of law. Appellants state that the trial court failed to rule on appellees' contest to his pauper's affidavit as required by Rule 355(e) and, thus, the affidavit must be taken as true and appellants allowed to continue the appeal without a bond. Appellants are mistaken. An appeal can only be perfected once, either by the giving of a cost bond or by the filing of a proper affidavit, each method being exclusive of the other. *De Miller v. Yzaguirre*, 143 S.W.2d 425, 427 (Tex.Civ. App.—El Paso 1940, writ ref'd); *McCartney v. Mead*, 541 S.W.2d 202 (Tex.Civ.App. —Houston [1st Dist.] 1976, no writ). Appellants properly perfected their appeal by the filing of an appeal bond in the form of a cash bond certificate. The appeal was perfected, and the trial court had no further jurisdiction to take any action other than that allowed by the Rules. *Panhandle Construction Co. v. Lindsey*, 72 S.W.2d 1068 (Tex.1934); *El Paso Moulding and Manufacturing Co., Inc. v. Southwest Forest Industries, Inc.*, 492 S.W.2d 331 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r. e.).

We pause to note that even if the trial court had jurisdiction of this cause to rule on appellant's pauper's affidavit, the trial court overruled appellant's affidavit by Order on September 17, 1983, within the time prescribed by Rule 355(e).

Since appellants did not file the increased appeal bond as ordered by the trial court, this appeal will be dismissed. Rules 354(a) and 387. Appellees' motions to dismiss the appeal are granted.

APPEAL DISMISSED.

## MOTION FOR REHEARING

Before the Court is appellants' motion for rehearing in cause number 13–83–412– cv and motion for leave to file petition for writ of mandamus in cause number 13–83– 521–cv. Appellants' motion for rehearing relates to this Court's opinion issued on November 17, 1983, in which we dismissed appellants' appeal.

The facts of this case reflect that appellants filed both a timely cash bond and also a paupers' affidavit on the same day. This court held that an appeal can only be perfected once, either by the giving of a cost bond or by the filing of a proper affidavit, each method being exclusive of the other. We held that since appellant filed a cost bond, their appeal was perfected and the trial court lacked jurisdiction to consider further their affidavit of inability to pay cost. The trial court subsequently increased the bond as permitted by Rule 354(a), Tex.R.Civ.P.[1] and since appellants did not file the increased bond set by the trial court, their appeal was dismissed. Rule 354(a) and 387.

---

**1.** All references are to the Texas Rules of Civil Procedure.

Appellants assert in their motion for rehearing that they have been denied due process of law by this Court's action in dismissing their appeal. Appellants affirmatively assert that since a pivotal issue on appeal was the constitutional qualification of the trial judge to preside over the trial "it would seem appropriate that this Court examine that allegation." [2] Appellants have failed to comply with the requirements necessary to present their appeal for our review and thus have not been denied due process of law.

Rule 356(a) provides:

"(a) When a bond for costs on appeal is required, the bond *or* affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed ..." (Emphasis Added)

The Rule allows the filing of a bond *or* an affidavit and not both. Rule 363 provides:

"When a bond is required by law, the appeal is perfected when the bond, cash deposit *or* affidavit in lieu thereof has been filed or made, or if affidavit is contested, when the contest is overruled." (Emphasis Added)

Appellants' assertion that they had no choice but to file their appeal bond and indigency affidavit at the same time to be sure that they would perfect their appeal by one or the other method is contrary to the clear language of the Rules. Appellants would not have been precluded from perfecting an appeal had they relied solely on their affidavit of indigency nor would they have been precluded had they relied solely on the filing of a $500.00 [3] bond or cash in lieu thereof. The Rules of Civil Procedure adequately protect appellant in both instances.

First, had appellants relied solely on an affidavit of indigency as allowed by Rule 355, their appeal would be perfected as of the date of their filing of the affidavit if no contest is filed within ten (10) days. Rule 363. If a contest to the indigency affidavit had been timely filed and timely ruled on, then appellant would have had ten (10) days after the contest was sustained to file his appeal bond. Rule 356(b). If appellants had desired an appellate review of the denial of his indigency status, it is clear that this court would have had mandamus jurisdiction to review the trial court's action. *Williams v. Maynard*, 515 S.W.2d 9 (Tex.Civ.App.—Austin 1974, writ dism'd); *Johnson v. Barge*, 552 S.W.2d 508 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), cert. denied, 434 U.S. 1076, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978); *Goffney v. Lowry*, 554 S.W.2d 157 (Tex.1977). Indeed, appellants could have sought mandamus review and could have also filed an appeal bond under Rule 356(b) because, if the appellate court would have ultimately sustained appellants' affidavit, their appeal would have been considered perfected on the date the trial court entered its order on the contest. *McCartney v. Mead*, 541 S.W.2d 202 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). See Rule 363. Thus, the subsequent filing of the appeal bond would have had no legal effect on the appeal which would already have been perfected. *McCartney*, 541 S.W.2d at 204.

It must be noted that in *McCartney* the appeal bond was not filed until *after* the contest to the pauper's affidavit was filed. (Emphasis added) Thus, the situation did not exist where the filing of the bond would have rendered the affidavit moot. However, in the case before us, the appeal bond was filed before the contest to the affidavit was filed and, therefore, the filing of the bond rendered the affidavit moot. The dissent's reliance on *McCartney*, there-

---

**2.** Appellants, in their motion for rehearing, have inappropriately asserted various accusations concerning the trial court's qualifications and conduct during trial when the only issue presently before this Court is appellants' failure to file the increased cost bond ordered by the court or otherwise to properly present their appeal for review. We do not approve of collat-eral assertions on matters which are not directly related to the specific issues on which our opinion is based.

**3.** The Rules of Civil Procedure as amended, effective April 1, 1984, raises the amount of bond to $1,000.00.

fore, is misplaced and inapplicable to the facts of our case.

■ Alternatively, appellants could have filed a $500.00 bond under Rule 354 and if timely filed, appellants' appeal would have been perfected. It is incumbent, however, on an appellant who is contemplating an appeal, to determine the costs of that appeal and, if he is unable to pay or secure the payment of such costs, to file an affidavit of indigency. *Dunn v. Dallas County Child Welfare Unit of the Texas Department of Human Resources*, 593 S.W.2d 420 (Tex.Civ.App.—Dallas 1980, no writ). If an affidavit of indigency was allowed, then appellant would have been required to make such payment or give such security to the extent of his ability.

■ Thus, it is clear that the procedure outlined by the Rules of Civil Procedure concerning perfection of appeal is well established and well conceived. To allow appellants to attempt to perfect an appeal by filing, simultaneously, an appeal bond and an affidavit of indigency would be to cause confusion and uncertainty as to when and how the appeal was perfected. This the Rules were not designed to do and we refuse to accept appellants' invitation to so interpret the Rules of Civil Procedure.

Appellants' contention that they were denied due process is without merit. The motion for rehearing in cause number 13–83–412–cv is overruled. Appellants' motion for leave to file Petition for Writ of Mandamus in cause number 13–83–521–cv is denied.

GONZALEZ, J., dissents.

GONZALEZ, Justice, dissenting.

I respectfully dissent. While I agree with the majority that the rules do not permit a simultaneous appeal on parallel tracks, one under Tex.R.Civ.P. 354 (cost bond) and one under Tex.R.Civ.P. 355 (affidavit of inability to pay cost), and though I agree that they ordinarily exclude one another, for the reasons set out below, I do not agree that they exclude each other in *this* case. I would therefore withdraw this

Court's original opinion, grant appellants' motion for leave to file a petition for writ of mandamus, and consider the issue of whether the trial court abused its discretion in denying appellants' pauper's affidavit.

Here, while both the affidavit and the appeal bond were filed on the same day, no showing was made or inquired into by this Court as to which document was filed first. The majority is acting as if the cost bond was filed first without basis in fact.

If appellant filed his affidavit first, he should be allowed to proceed upon that affidavit until it is conclusively established whether or not appellants' affidavit will be sustained. In *McCartney v. Mead*, 541 S.W.2d 202 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ), the court considered whether the filing of an appeal bond after an order sustaining the contest to an affidavit of inability to pay costs rendered moot a request for a mandamus to compel the trial court to approve relator's affidavit. There, the court stated:

If relator, at the hearing on the contest to her affidavit, met the burden of proof imposed upon her by Rule 355, she was entitled to have the contest overruled at that time. If her affidavit is ultimately sustained, her appeal should be considered as having been perfected on the date the trial court entered its order on the contest. Rule 363, T.R.C.P. *In such event, the subsequent filing of an appeal bond would have no legal effect on the appeal which would already have been perfected.* Therefore, the matters raised by relator's application for mandamus are not moot. [Emphasis added.]

*Id.* at 204. The court next addressed the issue of whether the trial court abused its discretion in sustaining the contest. This is what I believe we should be doing today.

Under Tex.R.Civ.P. 363, because of the contest to their affidavit, appeal was not perfected by appellants' filing of that affidavit. Instead, it will be perfected if and when the contest to it is overruled. If we overrule the trial court's sustaining the contest, then under *McCartney*, appellants

will have perfected their appeal based on their affidavit. The filing of an appeal bond should have no effect until it is conclusively established that appellants do not have the right to proceed under their affidavit. Before we can dismiss this appeal, we must address the discretion of the trial court in sustaining the contest to appellants' inability to post bond, and only in this manner can we determine what effect, if any, the filing of an appeal bond has in the case before us.

Finally, I point out that all authority relied upon by the majority to support its dismissal of this appeal is based upon rules which have subsequently been substantially amended. The majority apparently also relies on authority which would require appellants to abandon any claim to a pauper's affidavit in the event they also file an appeal bond.

Such a position had some merit under the old law when an appeal bond was set by rule at "a sum at least double the probable amount of the costs in the trial court and the cost of the statement of facts and transcription." Naturally, if the party posted a bond which was actually equal to the costs of appeal, he could not in good conscience also claim that he could not afford to post this same bond. However, effective January 1, 1981, the rules have been amended to provide that $500.00 (unless otherwise set) shall be the standard amount for an appeal bond. Rule 354(a).[1] Foreseeing that this amount could easily fail to provide adequate security for costs of appeal, the rule also allows for the increase or decrease of the amount upon the motion of any party or any interested officer of the Court.

This presents the problem we have before us today: a party who can afford a $500.00 bond, but allegedly cannot afford a bond which is later increased to over $40,-000.00.

While we cannot ignore the fact that the filing of a bond perfects appeal (Rule 363), we should also not ignore the fact that an affidavit can perfect·appeal. When a party

manifests an intent to perfect under such an affidavit, we should not so strictly interpret the rules to the extent that we deny appellant an appeal. Rules 354 and 355 should be read together to ensure that while a party is not to be given a free appeal when he can afford to make at least some contribution toward the costs to be incurred, neither should he be denied the right to pursue his appeal. While the filing of an appeal bond surely has some weight in reviewing the trial court's ruling on a contest to a filing of a pauper's affidavit, it should not be taken as a blanket abandonment of the affidavit.

I believe that we acted prematurely in dismissing appellants' appeal. Accordingly, I dissent.

---

**1.** Effective April 1, 1984, this amount has been raised to $1,000.00.