Cindy **VICKERY** as the guardian of the person and Estate of John Madison Vickery, Appellant,

v.

Ray **PORCHE** a/k/a Chili Porche, Appellee.

No. 13–92–409–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1993.

---

1. It is interesting to note that the juror who asked for the calculator was subsequently named as the jury foreperson.

856

Robert P. Houston, Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, for appellant.

Clifford J. Vacek, Jeffrey Lee Hoffman, Whittington Pfeiffer & Vacek, Houston, for appellee.

John A. George, Fly, Moeller & Seel, Victoria, for appellant (movant).

## ORDER ON MOTION TO INCREASE AMOUNT OF COST BOND

PER CURIAM.

Tammy Watkins, the official court reporter for the 135th Judicial District Court of Jackson County, Texas, moves the court of appeals to increase the amount of appellant Vickery's cost bond from $1,000 to $12,000. In response to Watkins' motion, Vickery requests that, if additional security is required, she be allowed to proceed as a pauper with regard to the increased amount, and she has filed with this court an affidavit of inability to pay the increased cost of the appeal or give security therefor. We remand both Watkins' motion and Vickery's request to the trial court for a hearing and findings.

## MOTION TO INCREASE AMOUNT OF COST BOND

■ Texas Rule of Appellate Procedure 49(a) allows the appellate court, upon motion, to review the sufficiency of the security for costs and to require additional security if the original bond is insufficient. The purpose of an appeal bond is to insure that the costs of appeal will be paid, including the fee of the court reporter for the prepa-

ration of the statement of facts. Tex. R.App.P. 46(a) provides for such a bond to be conditioned that appellant "pay all costs which have accrued in the trial court and the cost of the statement of facts and the transcript."

In the present case, Watkins' motion challenging the sufficiency of the cost bond is supported by her affidavit estimating that the statement of facts will exceed 3,000 pages and that her fee for preparation of the statement of facts will exceed $12,000. The estimated cost of the statement of facts is a factor in the determination of the amount of bond and can be a reason that the existing bond is inadequate. *See Tapiador v. North American Lloyds of Texas*, 772 S.W.2d 954 (Tex.App.—Houston [1st Dist.] 1989, no writ). The appellate court may increase the amount of the cost bond under the provisions of Rule 49, when the court reporter's affidavit of the cost of the statement of facts shows the bond posted is inadequate. *See Volpe v. Stephens*, 589 S.W.2d 809 (Tex.Civ.App.—Dallas 1979, no writ).

However, Rule 49(a) is silent regarding the procedure by which we may determine the truth of the allegations in Watkins' motion or the correct amount of the costs of appeal. Moreover, Tex. R.App.P. 19(d), regarding evidence on motions in the appellate courts, merely requires that motions dependent on facts not apparent in the record and not ex officio known to the court must be supported by affidavits or other satisfactory evidence. We believe that the determination of the probable costs of appeal, including the preparation of the statement of facts and the transcript, is uniquely within the province of the trial court upon a hearing at which testimony and other evidence may be received. We note that Rule 49(b), regarding appellate review of a trial court's prior order setting security, provides just such a procedure of remand to the trial court for findings of fact or the taking of evidence. Because the taking of evidence and finding of facts is equally important in determining the present question of the sufficiency of the cost bond, we hold that it is within our power and that it is proper in the present case to remand Watkins' Motion to Increase the Amount of the Cost Bond for a hearing and findings by the trial court.

## AFFIDAVIT OF INABILITY TO PAY INCREASED AMOUNT

Rule 40 of the Texas Rules of Appellate Procedure, entitled "Ordinary Appeal—How Perfected", provides in Section 40(a)(3)(A):

When the appellant is unable to pay the cost of appeal or give security therefor, he shall be entitled to prosecute an appeal or writ of error by filing with the clerk, within the period prescribed by Rule 41, his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor.

It is not necessary for one to be unable to afford the entire cost of the appeal in order to file an affidavit of inability; rather, it is sufficient if some of the costs of appeal are unaffordable. TRAP 40(a)(3)(F) provides that if the party is able to pay part of the costs, he is required to pay those costs to the extent of his ability. *See also Pendley v. Berry*, 95 Tex. 72, 65 S.W. 32 (1901); *Thoms v. Eskew*, 84 S.W.2d 514 (Tex.Civ. App.—Austin 1935, no writ).

Had appellant initially anticipated that she could only pay or give security for a part of the cost of appeal, she should have filed an affidavit of indigence setting out the amount which she could pay or give security for, which amount she would then have been responsible for providing under Rule 40(a)(3)(F).

However, appellant did not initially anticipate that the cost of appeal would exceed $1,000 and that the bond would be increased beyond her ability to pay. She timely perfected her appeal by filing a bond rather than an affidavit of inability. The issue presented is whether the appellant, after the appeal has been perfected, may now file an affidavit to avoid certain of the costs.

In *Dunn v. Dallas County Child Welfare Unit*, 593 S.W.2d 420, 422 (Tex.Civ. App.—Dallas 1980, no writ) the Dallas

Court of Appeals was presented with the same issue. That court held that the time for filing the affidavit, 20 days at the time, was jurisdictional, and, as more than 20 days had passed since the signing of the judgment, the affidavit of inability was not timely and could not be filed. In the opinion the court instructed that an appellant must inquire, prior to filing a bond, as to the probable cost of appeal in order to anticipate motions to increase the bond.

In *Anzaldua v. Whitman*, 666 S.W.2d 171 (Tex.App.—Corpus Christi 1983, no writ), this court held that an appellant must opt for one method of securing costs; that one could not proceed both under a bond and an affidavit in lieu of security. The court ordered the amount of security raised, refused to allow the appellant to proceed under an affidavit of inability, and dismissed the appeal when the increased requirements were not met. Justice Gonzalez dissented, saying that although one may not use both methods simultaneously to perfect appeal, the choice of the bond should not preclude later proceedings under an affidavit of inability when the amount of bond required was dramatically raised over the statutory minimum bond. There the bond was ordered increased from $500 to in excess of $40,000 upon motion of the court reporter.

It is well settled that the methods of perfection of appeal are mutually exclusive. *Anzaldua,* supra; *Shaffer v. U.S. Companies, Inc.,* 704 S.W.2d 411 (Tex.App.—Dallas 1985, no writ); *Stein v. Frank,* 575 S.W.2d 399, 400 (Tex.Civ.App.—Dallas 1978, no writ). Professor Dorsaneo posits that once the cost bond is filed, appeal has been perfected, and the trial court lacks jurisdiction to consider the affidavit of inability. *Texas Litigation Guide,* Chapter 142, § 142.01. *Accord: Stein v. Frank,* 575 S.W.2d 399, 400 (Tex.Civ.App.—Dallas 1978, no writ).

Here appeal has been perfected by the filing of the bond; appellant is not attempting to perfect by affidavit of inability. Nor is the jurisdiction of the trial court implicated, as this court is being requested to abate further proceedings and remand for determination of only the issue of appellant's inability to post security for the increased costs.

We recognize that Vickery's affidavit of inability to pay costs is fundamentally different from an ordinary affidavit filed under Rule 40(a)(3), since Vickery's affidavit does not purport to be the document upon which the appeal is perfected. We believe that *Dunn* and *Anzaldua* failed to recognize this crucial distinction between an affidavit filed as the jurisdiction-perfecting instrument and an affidavit filed after jurisdiction has already been perfected in response to an increase in the amount of the security required for costs.

The Tex.R.App.P. 41 time limits imposed upon an ordinary affidavit of inability filed as a jurisdiction-perfecting instrument are not applicable to the present situation. Instead, as in other cases where the amount of the required security for costs is increased under the provisions of Tex.R.App.P. 46 or Tex.R.App.P. 49, the appellant may thereafter file an additional bond, deposit, or, in this case, affidavit of inability to pay the increased amount. The additional bond or deposit need not, and generally cannot, be filed within the Rule 41 time limits for perfection of the appeal. Likewise, an affidavit of inability filed to cover the additional amount of security should not be subjected to the requirements of Rule 41.

Nevertheless, there must still be an orderly procedure for the determination of appellant's ability to pay the increased amount and time limits upon that procedure. We hold that the procedures and time periods set forth in Rule 40(a)(3) concerning notice, contest, and hearing and determination of the affidavit are equally applicable to the present affidavit of inability. However, the initial time for filing that contest is not governed by the Rule 41 time limits for perfection of appeal, but by the time limits within which an additional bond or deposit would be required under Rules 46 or 49. In the present case, Vickery has anticipated that the amount of cost will be increased and has already filed in this court an affidavit of inability to pay the in-

creased cost. Therefore, Vickery's affidavit is timely and we refer it to the trial court for determination along with Watkins' motion to increase costs.

We REMAND Watkins' Motion to Increase the Amount of the Cost Bond for a hearing and findings by the trial court concerning the amount of the costs of appeal and the sufficiency of the original cost bond. If the trial court finds that the original $1,000 cost bond is insufficient to secure the true costs of appeal, we further direct the trial court to determine both the validity of Vickery's affidavit of inability to pay the increased amount of the costs of appeal and the extent to which Vickery is able to pay some or all of that amount.