**In re Ruben WHITE, Relator.**

No. 14–98–00318–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 16, 1998.

Benton Musslewhite, Houston, for relator.

Joanna F. Miller, Houston, for respondent.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

In this original proceeding, relator, Ruben White, seeks a writ of mandamus ordering respondent, the Honorable Jane Bland, Judge of the 281st Judicial District Court of Harris County, to reinstate an order declaring relator indigent and ordering the court reporter to prepare a statement of facts without charge. We deny relator's petition for writ of mandamus.

### Background

In 1996, after a jury trial, the Honorable William Bell, former Judge of the 281st District Court, signed a judgment in favor of the defendants and real parties in interest, PST Vans, Inc. and James Henry Mills. Relator thereafter filed a timely notice of appeal and cost bond and requested preparation of the record.

Delicia Strauss, the court reporter and a real party in interest, told relator's attorney that preparation of the statement of facts would cost $10,000, including a $5,000 down payment.[1] Although relator's attorney told her that he would pay the down payment, he never did so. In his first two requests for extensions of time to file the statement of

---

1. Relator does not challenge the court reporter's demand for a down payment. *See Easton v. Creeks*, 921 S.W.2d 449, 450 (Tex.App.—Houston [1st Dist.] 1996, no writ) (holding that when an appellant has filed a cost bond and properly requested a statement of facts, the court reporter may not demand a deposit before preparing the statement of facts, but may only move to increase the amount of the bond if it is insufficient to cover the cost of the statement of facts).

facts, which this court granted, relator did not assert indigence. However, relator later filed a third motion for extension of time, asserting indigence for the first time, and filed an affidavit of indigence in the 281 st District Court and in this court. According to that affidavit, relator had not previously asserted indigence because he had expected to finance his appeal with a loan from a friend, but the loan did not materialize. This Court denied relator's affidavit but granted him two further extensions of time to file the statement of facts.

Following a hearing on August 21, 1997, Judge Bell signed an order declaring relator indigent and directing the court reporter to prepare a statement of facts, *i.e.,* without charge (the "August 21 order"). On October 3, the real parties in interest filed a petition for writ of mandamus contending that the August 21 order was void because the trial court had no jurisdiction on the date it was signed or, alternatively, because the affidavit of indigency was not timely filed. However, because Judge Bell resigned from the bench after the petition for writ of mandamus was filed, this Court abated the mandamus proceeding to allow Judge Bell's successor, respondent, to reconsider the August 21 order.[2] After respondent signed an order vacating the August 21 order, this Court dismissed the petition for writ of mandamus as moot. Relator thereafter filed this petition for a writ of mandamus to direct respondent to reinstate the August 21 order and set a new date for the court reporter to prepare and file the statement of facts.

### Standard of Review

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a

2. *See* Tex.R.App. P. 7.2(a), (b) (when a public officer is a party in an official capacity to an original proceeding, and that person ceases to hold office before the original proceeding is finally disposed of, the appeals court must abate the proceeding to allow the successor to reconsider the original party's decision).

3. References to statutes and rules are to the versions in effect at the relevant time. Because this appeal was perfected before September 1, 1997, it is generally governed by the Texas Rules of Appellate Procedure in effect before that date. References to rule numbers which contain no decimal point signify the former rules whereas

duty imposed by law when there is no other adequate remedy at law. *See In re Yates,* 960 S.W.2d 652, 652 (Tex.1997). Thus, to obtain relief, relator must show that respondent abused her discretion or violated her duty. *See id.*

### Validity of August 21 Order

When an appellant is unable to pay or give security for the cost of appeal, he is entitled to prosecute the appeal without paying or giving security by filing with the clerk of the trial court, within the period for perfecting the appeal, an affidavit stating that he is unable to pay or give security for the costs of appeal or any part thereof. *See* Tex.R.App. P. 40(a)(3)(A), (B);[3] *see also* Tex. Civ. Prac. & Rem.Code Ann. § 13.003(a) (Vernon Supp. 1998). However, if an appellant is able to pay or give security for a part of the costs of appeal, he is required to do so to the extent of his ability. *See* Tex.R.App. P. 40(a)(3)(F).

■ An appeal can be perfected only once, by filing either a cost bond or an affidavit of indigence. *See McCartney v. Mead,* 541 S.W.2d 202, 204 (Tex.App.—Houston [1 st Dist.] 1976, no writ). The appeal is perfected on the date the bond or affidavit is filed or, if the affidavit is contested, the date the contest is overruled. *See* Tex.R.App. P. 40(a)(1). Therefore, if a cost bond is filed after an affidavit of indigence is filed, but *before* the date the contest is decided and the appeal can be perfected by the affidavit, the bond will perfect the appeal and render the affidavit ineffective. *See Stein v. Frank,* 575 S.W.2d 399, 400 (Tex.Civ.App.—Dallas 1978, no writ).[4] However, if a bond is filed *after*

those which contain a decimal point signify the current rules.

4. In *Anzaldua,* the appellants filed *both* a cost bond and an affidavit of indigence on the same day. *See Anzaldua v. Whitman,* 666 S.W.2d 171, 172 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Without specifying which was filed first, the court held that filing the bond perfected the appeal. *See id.* at 173. This was correct because the affidavit was contested and thus, even if the affidavit had been filed first, the filing of the bond before the contest on the affidavit was decided rendered the affidavit ineffective. *See Stein,* 575 S.W.2d at 400.

the date the trial court sustains a contest to the affidavit, *i.e.*, while a mandamus action on it is pending, the bond filing does not render the mandamus moot because, if the affidavit is ultimately sustained, it will be deemed to have perfected the appeal on the date the trial court ruled on the contest, *i.e.*, before the bond was filed. *See Maniccia v. Johnson & Gibbs, P.C.*, 844 S.W.2d 296, 297–98 (Tex.App.—Austin 1992, no writ); *McCartney*, 541 S.W.2d at 204.

In this case, relator's affidavit of indigence was not filed in order to perfect the appeal but was instead filed after perfection to relieve the appellant of costs exceeding the amount of the bond. Neither the former Rules of Appellate Procedure, summarized above, nor the current rules,[5] provide for the filing of an affidavit of indigence *after* an appeal has been perfected. The two Texas appellate decisions which have addressed this issue differ as to whether such an affidavit can be effective.

In *Dunn*, the appellant initially filed a $500 cost bond, but, when the court reporter refused to prepare the statement of facts until the estimated cost of $2500 had been paid, the appellant filed an affidavit of indigence in the trial court. *See Dunn v. Dallas County Child Welfare Unit*, 593 S.W.2d 420, 421–22 (Tex.Civ.App.—Dallas 1980, no writ). The appeals court held that, because the prior filing of the appeal bond perfected the appeal and removed jurisdiction of the case from the trial court, the appellant's subsequent filing of an affidavit of inability to pay was without effect. *See id.* at 422. The opinion further observed:

> [A] party contemplating an appeal must determine the potential costs of that appeal and, if he is unable to pay or secure the payment of such costs, he must file an affidavit within the [time for perfecting appeal]. Since no provision presently exists in the rules for filing an affidavit of inability to pay the costs of appeal after expiration of [that] period, the potential appellant must anticipate that a motion to

increase security for costs may thereafter be filed. Inability to pay such increased costs is not a defense to such a motion.

*Id.*

In *Vickery*, after the appeal was perfected by filing a cost bond, the court reporter requested the court of appeals to increase the bond from $1,000 to $12,000, and the appellant, in turn, filed an affidavit of indigence for the increased amount. *See Vickery v. Porche*, 848 S.W.2d 855, 856 (Tex.App.—Corpus Christi 1993, no writ). Contrary to *Dunn*, the court held that the affidavit was timely because the deadlines for filing an affidavit of indigence to perfect an appeal do not govern the time limits for filing an affidavit of inability to pay an increased bond. *See id.* at 858–59.

In this case, relator argues that *Vickery* supports the validity of the August 21 order. Apart from the factual distinctions between this case and *Vickery*,[6] we disagree with *Vickery* that an affidavit of indigence filed after an appeal is perfected can be effective. We instead agree with *Dunn* that the rules require an appellant to determine the potential costs of appeal before the appeal is perfected and then to file a bond, affidavit of indigence, or combination as the circumstances require. *See Dunn*, 593 S.W.2d at 422. We therefore hold that, because relator perfected his appeal in this case solely by filing a cost bond, his subsequent affidavit of indigence was without effect, the trial court had no jurisdiction to sustain it, and respondent did not abuse her discretion in vacating the August 21 order. Accordingly, we deny relator's petition for writ of mandamus.

---

5. *See* Tex.R.App. P. 20.1(c) (for appeals, as contrasted from other proceedings in the appeals courts, an affidavit of indigence must be filed by appellant with or before the notice of appeal).

6. Unlike *Vickery*, this case involved no unanticipated increase in appeal costs or request to increase the cost bond.