**Petition for Writ of Mandamus Denied and Opinion filed October 13, 2015.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-15-00810-CV

---

**IN RE DAWN LIPPIAN, Relator**

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
COUNTY COURT AT LAW NO 2
Brazoria County, Texas
Trial Court Cause No. CI53247**

---

## OPINION

On September 24, 2015, relator Dawn Lippian ("Lippian") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, Lippian asks this court to compel the Honorable Marc Holder, presiding judge of the County Court at Law No. 2 of Brazoria County, to vacate his order that Quang Tran shall have

possession of the property 17149 Berry Rd., #2, Pearland, Texas 77584 immediately signed on September 21, 2015 ("Order of Immediate Possession").

The justice of the peace signed a judgment that Lippian be evicted for failure to pay rent. Pursuant to Rule 510.9 of the Texas Rules of Civil Procedure, Lippian perfected an appeal of the eviction judgment by filing a statement of inability to pay on August 3, 2015 that was not contested. On August 4, 2015, Lippian filed a bond that was approved by the court, which is another means by which an appeal of an eviction judgment may be perfected under Rule 510.9.

On September 10, 2015, Quang Tran filed a motion for immediate possession of the property because relator failed to deposit the rent due into the registry of the court during the pendency of the appeal as required by Rule 510.9(c)(5)(B), which applies when an appeal is perfected through the filing of a statement of inability to pay. The county court granted this motion by issuing the Order of Immediate Possession.

Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy by appeal. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding).

In her first issue, Lippian argues that she withdrew her statement of inability to pay by filing her bond on August 4, 2015. However, "[a]n appeal can be perfected only once, by filing either a cost bond or an affidavit of indigence. *In re White*, 967 S.W.2d 507, 509-10 (Tex. App.—Houston [14th Dist.] 1998, no pet.). When, as here, the statement of inability to pay is not contested, the appeal is perfected by the statement of inability to pay, not the later filed bond. *Id*.

2

Therefore, the trial court did not abuse its discretion in enforcing the requirements of Rule 510.9(c)(5)(B) through its Order of Immediate Possession.

Lippian presents other issues, arguing that Quang Tran allegedly did not own the property at issue and that she was not served with a Notice to Vacate as required by section 24.005(a)(g) of the Texas Property Code. Lippian has an adequate remedy for these alleged complaints through her pending appeal of the eviction judgment.

Lippian has not established that she is entitled to mandamus relief. Accordingly, we deny her petition for writ of mandamus and lift our stay of the Order of Immediate Possession.


/s/    Sharon McCally
Justice



Panel consists of Justices Jamison, McCally, and Wise.