**Affirmed and Memorandum Opinion filed March 28, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00583-CV

---

### LEROY GREER AND BERNICE GREER, Appellants

### V.

### JP MORGAN MORTGAGE ACQUISITION CORP., Appellee

---

**On Appeal from the County Court at Law No. 5**
**Fort Bend County, Texas**
**Trial Court Cause No. 21-CCV-069602**

---

## M E M O R A N D U M   O P I N I O N

We previously issued an opinion in this case on December 15, 2022. By order dated February 16, 2023, we withdrew our previous opinion, vacated the previous judgment, and dismissed as moot a pending motion for rehearing. We reset this case by submission on the briefs to a different panel and now issue the following opinion.

In this appeal of a forcible detainer judgment, appellants Leroy and Bernice Greer argue in their sole issue that the statutory county court lacked jurisdiction to

sign a summary judgment in favor of appellee JP Morgan Mortgage Acquisition Corp. ("JPM"). For the reasons we explain below, we disagree with the Greers' contention and conclude that the statutory county court possessed jurisdiction when it signed the judgment. There being no other challenge to the court's judgment, we affirm the judgment.

## Background

JPM bought the Greers' property at a non-judicial foreclosure sale. After the Greers failed to vacate the premises, JPM filed an eviction suit in justice court. JPM obtained a judgment for immediate possession of the property from the justice court.

The Greers appealed the justice court's judgment, and the appeal was assigned to Fort Bend County Court at Law No. 5. After the appeal was perfected to County Court at Law No. 5, the justice court issued a writ of possession. The Greers filed an emergency request in the justice court "to cease the writ of possession." The Greers also filed a petition for writ of mandamus in Fort Bend County Court at Law No. 3, arguing that the justice court abused its discretion in issuing the writ of possession and in failing to immediately send the case file to the county court. According to the Greers, the justice court's actions violated the rules of civil procedure.[1] The justice court eventually recalled the writ and directed the file to be forwarded to the county clerk. County Court at Law No. 3 later dismissed the Greers' mandamus action as moot.

---

[1] *See* Tex. R. Civ. P. 510.10(a) ("Unless otherwise provided by law or these rules, when an appeal has been perfected, the judge must stay all further proceedings on the judgment and must immediately send to the clerk of the county court a certified copy of all docket entries, a certified copy of the bill of costs, and the original papers in the case together with any money in the court registry, including sums tendered pursuant to Rule 510.9(c)(5)(B).").

In County Court at Law No. 5, JPM moved for summary judgment on its forcible detainer claim, attaching as evidence the Greers' original deed of trust and the substitute trustee's deed following the foreclosure sale. The statutory county court found that JPM was entitled to summary judgment against the Greers and awarded court costs.

The Greers appeal.

## Analysis

In one issue, the Greers argue that the statutory county court lacked jurisdiction to grant summary judgment in JPM's favor. Essentially, the Greers contend that the justice court forwarded the record to the statutory county court outside of the justice court's plenary power, and so the statutory county court was never vested with jurisdiction. The existence of jurisdiction to hear an appeal is a legal question, which we review de novo. *See Martinez v. Kanga Park, Inc.*, No. 01-18-01070-CV, 2019 WL 4615814, at *1 (Tex. App.—Houston [1st Dist.] Sept. 24, 2019, no pet.) (mem. op.).

Before turning to the merits of the Greers' argument, we first summarize the relevant actions in the courts below.

| | |
|---|---|
| May 12, 2021: | Justice court signed judgment. |
| May 17, 2021: | The Greers filed appeal bond. |
| May 17, 2021: | Justice court lost plenary power.[2] |
| May 20, 2021: | JPM challenged the sufficiency of the Greers' appeal bond surety. |
| June 2, 2021: | The Greers filed amended appeal bond. |
| July 9, 2021: | Justice court issued a writ of possession. |

---

[2] "A justice court loses plenary power over a case when an appeal is perfected or if no appeal is perfected, 21 days after the later of the date judgment is signed or the date a motion to set aside, motion to reinstate, or motion for new trial, if any, is denied." Tex. R. Civ. P. 507.1.

| July 12, 2021: | The Greers filed a mandamus action, which was assigned to County Court at Law No. 3. |
| July 13, 2021: | County Court at Law No. 3 issued a temporary order staying execution of the writ of possession. |
| July 26, 2021: | Justice court deputy sent record to county clerk. |
| July 27, 2021: | Justice court recalled the writ of possession. |
| September 16, 2021: | County Court at Law No. 3 dismissed mandamus action as moot. |
| October 8, 2021: | County Court at Law No. 5 signed judgment in JPM's favor. |

The Greers contend that there were two "competing actions" in statutory county court and that only County Court at Law No. 3 had "proper jurisdiction" to direct the justice court to recall the writ and to forward the case to the statutory county court. We note that the Greers received the relief they sought by mandamus, namely recall of the writ and the case record forwarded to statutory county court. Regardless, nothing that occurred in the mandamus action had any bearing on County Court at Law No. 5's jurisdiction to consider the Greers' timely appeal of the justice court's judgment.

A justice court in the precinct in which real property is located has jurisdiction over a forcible detainer suit. *See* Tex. Prop. Code § 24.004(a); Tex. Gov't Code § 27.031(a)(2). The sole issue to be determined in a forcible detainer action is the entitlement to actual and immediate possession, and the merits of any title dispute shall not be adjudicated. *See Tellez v. Rodriguez*, 612 S.W.3d 707, 709 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing Tex. R. Civ. P. 510.3(e)).

A forcible detainer judgment may be appealed from a justice court to the county court for a de novo review. Tex. R. Civ. P. 510.10(c); 500.2(f) (definition of "county court"). In Fort Bend County, a statutory county court has appellate jurisdiction from a justice court forcible detainer judgment.[3] A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a "Statement of Inability to Afford Payment of Court Costs" with the justice court within five days after the judgment is signed. Tex. R. Civ. P. 510.9(a). "An appeal [of a forcible detainer judgment] can be perfected only once." *In re White*, 967 S.W.2d 507, 509-10 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding).

Here, the Greers perfected their appeal by timely filing a bond with the justice court. *See* Tex. R. Civ. P. 510.9(a), (f). Although JPM successfully argued that the Greers' initial bond was defective and the Greers filed an amended bond, the initial bond was still sufficient to invoke the jurisdiction of County Court at Law No. 5. *See, e.g.*, *Sherrod v. Rogers*, No. 11-17-00019-CV, 2017 WL 1750081, at *2 (Tex. App.—Eastland May 4, 2017, no pet.) (mem. op.) ("Sherrod argues that his timely filed, but defective, appeal bond was sufficient to invoke the jurisdiction of the county court. We agree."). Once the Greers perfected their appeal, the justice court was required to stay proceedings on the judgment and to "immediately" send to the county court a certified copy of all docket entries, a certified copy of bill of costs, and the original papers in the case together with any money in the court registry. *See* Tex. R. Civ. P. 510.10(a).

---

[3] A county court has appellate jurisdiction in civil cases over which the justice courts have original jurisdiction, including forcible entry and detainer suits. *See* Tex. Gov't Code §§ 26.042(e), 27.031(a)(2); *Weeks v. Hobson*, 877 S.W.2d 478, 480 n.1 (Tex. App.—Houston [1st Dist.] 1994, no writ). But in those counties having statutory county courts, the county court at law has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts. *See* Tex. Gov't Code § 25.0003(a); *Weeks*, 877 S.W.2d at 480 n.1. Fort Bend County County has statutory county courts. *See* Tex. Gov't Code § 25.0811. Thus, in Fort Bend County, the county court at law has jurisdiction over appeals from justice court.

The justice court's issuance of the writ of possession violated rule 510.10, as the Greers' appeal stayed all proceedings on the judgment. *See id.* Similarly, the justice court violated rule 510.10 by not "immediately" sending the papers of the case to the statutory county court. *See id.* However, the Greers successfully obtained relief as to these matters after filing a petition for writ of mandamus. And the Greers have not cited, nor have we found, any authority holding that the justice court's erroneous issuance of the writ of possession or delay in transmitting the record deprived the statutory county court of jurisdiction over the Greers' properly perfected appeal. At least one court has held contrary to the Greers' contention. *See Imperial Motor Sales Co. v. Brannon*, 217 S.W. 761, 761 (Tex. App.—Fort Worth 1919, no writ) ("When plaintiff's appeal to the county court was perfected, jurisdiction of the suit instituted in the justice court was thereby vested in the county court, and jurisdiction of the latter court was not destroyed by the failure of the justice of the peace to prepare and forward to the county court a transcript from his docket, showing the proceedings in the case as he was required to do."). Likewise, the Greers cite no authority purporting to hold that a county court loses jurisdiction over an eviction appeal simply because a party files an ancillary mandamus proceeding.

In sum, the Greers' contention that County Court at Law No. 5 lacked jurisdiction when it signed the judgment in JPM's favor is without merit. There being no other challenge to the statutory county court's judgment, we overrule the Greers' sole issue on appeal.

**Conclusion**

We affirm the judgment of the Fort Bend County Court at Law No. 5.


/s/    Kevin Jewell
        Justice


Panel consists of Justices Jewell, Bourliot, and Spain.