**In re Leslie Brock YATES, John S. Anderson, J. Harvey Hudson, Wanda McKee Fowler, and Richard H. Edelman, Justices of The Fourteenth Court of Appeals, Relators.**

No. 97–0734.

Supreme Court of Texas.

Oct. 30, 1997.

John S. Anderson, Richard H. Edelman, Wanda McKee Fowler, J. Harvey Hudson, Leslie Brock Yates, Houston, for Relators.

Paul C. Murphy, Joseph D. Jamail, Frank M. Staggs, Jr., Houston, for Respondent.

PER CURIAM.

Relators, five Justices of the nine-member Fourteenth Court of Appeals, petition for mandamus to direct that court's chief justice to "submit for an en banc vote all requests from a Justice seeking en banc consideration of a case" and to "permit a concurrence of a majority of the Justices sitting en banc to establish rules for, and implement, the en banc transaction or delegation of all business of the Court other than the hearing of cases." We deny the relief requested.

■ "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). Thus, to obtain relief relators must show that respondent has either violated his duty or abused his discretion.

■ Submission of cases to a court of appeals en banc is governed by Rules 41.2(c) and 49.7 of the Texas Rules of Appellate Procedure. The former provides in pertinent part:

A vote to determine whether a case will be heard or reheard en banc need not be taken unless a justice of the court requests a vote. If a vote is requested and a majority of the court's members vote to hear or

rehear the case en banc, the en banc court will hear or rehear the case. Otherwise, a panel of the court will consider the case. TEX.R.APP. P. 41.2(c). Rule 49.7 states:

> While the court of appeals has plenary jurisdiction, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision. If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition.

*Id.* Rule 49.7. Relators' complaint is premised on the notion that only the chief justice can call for a vote of the court on whether to consider a matter en banc. Yet neither rule prohibits a justice from requesting a vote from other justices, nor does either rule require the chief justice of a court of appeals to submit en banc requests from other justices to a vote of the full court, or for that matter, to take any action at all. A chief justice cannot prevent a case from being heard en banc against the will of a majority of the court, and he or she cannot prevent a vote of the court from being taken on whether to hear a matter en banc, but he or she is not obliged to agree to the taking of a vote or to participate in it. Relators do not contend that respondent has refused to permit en banc consideration of a case when a majority of the court has voted for it, only that respondent refuses to acquiesce in calling for a vote. Respondent's refusal is neither an abuse of discretion nor a violation of law.

■ Consideration of the court's other business en banc is governed by Section 22.223 of the Government Code, which states:

> (a) The chief justice of each court of appeals, under rules established by the court, shall convene the court en banc for the transaction of all business other than the hearing of cases and may convene the court en banc for the purpose of hearing cases.
>
> (b) When convened en banc, a majority of the membership of the court constitutes a quorum and the concurrence of a majority of the court sitting en banc is necessary for a decision.

TEX. GOV'T CODE § 22.223. This statute requires the chief justice of a court of appeals to convene the court en banc for the transaction of all business other than the hearing of cases *"under rules established by the court"*. The Fourteenth Court of Appeals has no rules. Absent such rules, the chief justice has no duty under this statute to convene the court en banc, although the statute does not prohibit the chief justice from doing so. Relators complain that the respondent has refused to agree to any rules, but he has no duty to agree to rules. He cannot prevent adoption of rules by a majority of the court, but nothing in the record establishes that he has done so. Once rules are established by a majority of the court, it falls to the chief justice by statute to convene the court en banc to transact the court's business; this is both the prerogative and duty of the chief justice. But absent court rules, respondent's refusal to convene the court en banc for transaction of its business is neither an abuse of discretion nor a violation of law.

Section 22.223 also *permits* the chief justice to convene the court en banc for the purpose of hearing cases, again, under rules established by the court. As we have said, should he decline to do so, another justice may call for a vote.

We feel constrained to add, charged as we are with the responsibility for the efficient administration of the Judicial Branch, TEX. CONST. art. V, § 31, and for determining whether rules proposed by a court of appeals are appropriate, TEX.R.APP. P. 1.2(a), that the justices of a court of appeals, including the chief justice, should make every effort to work together in disposing of cases and in transacting all the court's other business, with due respect both for the office and experience of the chief justice and for the will of the majority.

For the reasons explained, we conclude that relators are not entitled to the relief sought, and their motion for leave to petition for writ of mandamus is, accordingly,

*Denied.*

PHILLIPS, C.J., and HANKINSON, J., did not participate in the decision.