No. 04-99-00813-CV



Michael L. LACEY,

Appellant



v.



Constable Ruben C. TEJEDA, Constable for Precinct 5


of Bexar County, Texas,

Appellee



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-05899


Honorable Michael Peden, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: March 14, 2001


AFFIRMED


 In this employment termination case, we are asked to determine whether the appellee,
Constable Ruben Tejeda, had the authority to terminate the employment of his Chief Deputy
Constable, appellant Michael Lacey, without notice or hearing. Because we hold the chief
deputy's position is exempt from coverage of the Civil Service System, we affirm the trial
court's judgment. 


 Michael Lacey was hired as a deputy constable in 1993. It is not clear from the record
whether Lacey came in as Chief Deputy or was later promoted to that position. The parties
agree Lacey was Chief Deputy Constable of Precinct 5 before 1996. In July 1997, Tejeda
fired Lacey and Lacey appealed to the Bexar County Civil Service Commission. The
Commission ordered Lacey reinstated as Chief Deputy Constable with full back pay. Tejeda
refused, and Lacey filed a writ of mandamus in the District Court to force Tejeda to comply
with the Commission's order. The trial court denied the writ, and this appeal ensued.

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. In re Yates, 960 S.W.2d
652, 652 (Tex. 1997); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). The act the
party seeks to compel must be one clearly required by law. In re Coronado, 980 S.W.2d
691, 693 (Tex. App.-San Antonio 1998, orig. proceeding). 

 At the time Lacey was hired, deputy constable positions were not subject to civil
service regulations. In 1989, the Legislature granted civil service commissions broader
authority, including the right to "adopt, publish, and enforce rules regarding . . . the
definition of a county employee." Tex. Loc. Gov't Code Ann. § 158.009(a)(1) (Vernon
1999). Pursuant to that authority, the Commission included deputy constables within the
definition of "employees" covered under the Civil Service System; however, the Commission
also retained the power to exempt certain sensitive positions from coverage. Bexar County
Civil Serv. Rules & Regulations, Temporary Ch. 1, §§ 1.05-.06 (revised through January
28, 1999). In 1996, the Commission exempted the position of Chief Deputy Constable of
Precinct 5. Id.§ 1.07 & Appendix A, at 3. The parties have provided no authority and we
have found no case law or statute indicating the exemption excluded persons holding the
position at the time the exemption was adopted.

 At the time of his firing, Lacey occupied an exempt position. Consequently, the
Commission had no authority to order him reinstated as Chief Deputy Constable, and Lacey
had no right to the notice and hearing provisions of the civil service regulations. The trial
court did not err when it determined Tejeda had no duty to reinstate Lacey.

 On appeal, Lacey argues Chapter 302 of the Bexar County Civil Service Rules and
Regulations "grandfathers" his job so that he is not affected by the change in exempt status
that occurred in 1996. Under Chapter 302, a "career status" employee occupying an exempt
position must be retained in an alternate position with the same pay unless the employee was
terminated for cause. Bexar County Civil Serv. Rules & Regulations, Ch. 302, § 1-3(c). Lacey did not plead this alternative in his petition for writ of mandamus. He presented
no evidence at the trial court hearing demonstrating he qualified as a "career employee" or
he was not fired for cause. Further, the Commission's order, which he seeks to enforce, calls
only for his reinstatement to the position of Chief Deputy Constable, not to an alternate
position. Because the question of Lacey's rights under Chapter 302 were never presented
to or ruled upon by the trial court, any error has been waived on appeal. Tex. R. App. P.
33.1; City of San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986).

 Accordingly, because we hold Lacey occupied a civil service exempt position at the
time he was fired, we affirm the judgment of the trial court. 


 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH