**Kimberly Ann RYMER, Appellant,**

v.

**H.R. LEWIS, Appellee.**

**No. 05–05–00367–CV.**

Court of Appeals of Texas, Dallas.

Oct. 25, 2006.

Rehearing Overruled Nov. 29, 2006.

Kimberly Ann Rymer, Dallas, pro se.

H.R. Lewis, Dallas, pro se.

Before Justices WRIGHT, O'NEILL, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Kimberly Ann Rymer files this pro se appeal from a final judgment of eviction. She raises five issues on appeal, all of which essentially complain of improper judicial conduct and the failure to receive a fair trial. She specifically argues the trial court coerced her to agree to a final judgment in which she relinquished a property damages claim against her landlord, H.R. Lewis. Rymer asks us to set aside the final judgment and enter an order of dismissal. She also asks for a new trial. We reverse and remand for further proceedings.

### BACKGROUND

Rymer's landlord originally filed a forcible detainer action against her in justice court seeking eviction and a judgment for nonpayment of rent. The justice court

awarded judgment in favor of the landlord against Rymer in the amount of $5000. Rymer appealed to county court. After two continuances, the case was set for dismissal for lack of prosecution. At the dismissal hearing, Rymer and the landlord agreed that Rymer would vacate the property by November 30, 2004 and the landlord would receive the $1200 Rymer paid into the registry of the court. Rymer agreed to draft the order and present it to the judge at the next setting.[1]

A week before Rymer was to vacate the property, she became ill and called her landlord for permission to extend the time of her move until December 5. The landlord's secretary gave Rymer permission to move out by December 5. It is unknown whether the landlord was aware of this extension because, according to Rymer, the landlord entered the house prior to December 5 and moved her property from the house to the garage causing thousands of dollars of damage to the property.

At the next court setting on December 17, instead of presenting the court with an agreed order of dismissal, Rymer told the judge she could no longer agree to the original terms because her landlord damaged her property. The trial judge expressed her concern to the landlord about his actions and told him, "You can't do it without a writ. You can't do self-help. You have to get the constables to do this." Rymer told the judge she had completely moved out of the landlord's property and wanted the case dismissed so she could get her money back from the registry of the court.

The judge said "I'm going to dismiss this case today ... It's dismissed. I think it needs to come to an end ... The case is dismissed." But then the landlord asked what would happen to the money in the

registry of the court, and a discussion ensued between the parties and the judge. The judge asked an attorney who was in the courtroom waiting for his case to be heard to take the parties into the jury room and "mediate with them for a minute, and ... tell them what's going on." The attorney did as the judge asked. The discussion between the parties and the attorney was not recorded.

After the parties emerged from the conference room, the attorney told the judge it "sounds like they have some sort of fact issues" that need to be resolved over the property the landlord removed from the house. Rymer told the judge she wanted the case dismissed and she would file another lawsuit for property damages. At that point, the landlord told the judge he would agree to dismiss the case and let Rymer keep the money she paid into the registry of the court "to end this entire matter." At first Rymer agreed. But when she realized by agreeing that she was relinquishing her claim for property damages, she refused to agree. At that point, the judge gave Rymer a choice: keep the money in the court's registry and relinquish the claim for property damages or keep the claim for property damages and relinquish the money in the court's registry.

LANDLORD: Well, Your Honor, ... I will certainly allow her to keep the $1200 and dismiss the case.

\* \* \*

LANDLORD: To end this entire matter. Her things are still in the garage and—that she moved into the garage.

MS. [RYMER]: He removed them. He says they're still there, but they're not. . . .

LANDLORD: If she chooses to come and get them, or we can call Good Will

---

1. Both parties were *pro se* litigants.

[sic] or do whatever. A new family has moved into the house.

* * *

THE COURT: Okay. What he has agreed to do is let her keep the $1200 for the inconvenience of the things being in the garage, and she can come and get them. Do you agree with that?

MS. [RYMER]: Oh, definitely. Thank you, yes.

THE COURT: All right. Then I'm going to put that into an order right now, and that's going to end any further cause of action against you [the landlord] as well.

LANDLORD: So the whole thing is over?

THE COURT: So the whole thing would be over, and there will be res judicata at any rate.

* * *

MS. [RYMER]: I just wanted it dismissed. I'm just saying I didn't—I'm not agreeing to not do anything later down the road.

THE COURT: No, that's part of it.

* * *

MS. [RYMER]: No, I don't agree with that.

THE COURT: All right. Then I'm going to let [the landlord] have the $1200, and I'll do an order right now. It's your choice.

* * *

[LANDLORD]: But I will agree to give her the [$]1200.

THE COURT: Huh?

[LANDLORD]: She can have the [$]1200 if she'll just forget the whole thing.

THE COURT: And if she won't forget the whole thing, I'm going to let you have [the $1200].

MS. [RYMER]: Then I'll take the [$]1200, and we'll go—

THE COURT: So I need to have an answer.

MS. [RYMER]: Okay, that's fine.

THE COURT: What?

MS. [RYMER]: I will take—I will agree to what you're doing.

THE COURT: Okay. Let me do an order. . . .

The court entered a final judgment stating the parties reached an agreement on the record and that all issues of fact and law were tried to the court. The judgment stated that, after receiving the evidence presented and testimony of the witnesses, the court awarded the landlord immediate and exclusive possession of the house and awarded Rymer the $1200 from the registry of the court. The judgment also stated that Rymer, in consideration for the return of the $1200, "will not pursue any cause of action against [the landlord] for issues involving . . . [Rymer's] personal property resulting from [her eviction]."

Rymer filed a motion for new trial in which she also asked the trial judge to recuse. Although Rymer argues she was told the motion was filed untimely and no hearing would be set, the judge's docket sheet reflects the motion was set for hearing and no one appeared. In her motion for new trial, Rymer alleged, among other things, gross misconduct on the part of the judge by turning a dismissal hearing into a trial, by calling in an attorney unrelated to the case to assist in the case, by forcing her into an agreement she was not comfortable with and did not agree with, and that she was denied due process and a fair trial.

## STANDARD OF REVIEW AND APPLICABLE LAW

Before we will reverse a judgment on the ground of improper conduct of

the judge, the complaining party must show the judge acted improperly and that she suffered probable prejudice as a result. *Silcott v. Oglesby,* 721 S.W.2d 290, 293 (Tex.1986); *Pitt v. Bradford Farms,* 843 S.W.2d 705, 708 (Tex.App.-Corpus Christi 1992, no writ). In reaching our decision, we examine the entire record. *Metzger v. Sebek,* 892 S.W.2d 20, 39 (Tex. App.-Houston [1st Dist.] 1994, writ denied).

■ The trial court has inherent power to control the disposition of its cases. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 240 (Tex.2001). Accordingly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

■ Parties also have the right to a fair trial under our federal and state constitutions. *Metzger,* 892 S.W.2d at 37. One of the most fundamental components of a fair trial is a neutral and detached judge. *Id.* The impartiality of the judge is not only a matter of constitutional law, but also of public policy. *Id.* at 38; *CNA Ins. Co. v. Scheffey,* 828 S.W.2d 785, 792 (Tex. App.-Texarkana 1992, writ denied). Public policy demands that a trial judge act with absolute impartiality. *Scheffey,* 828 S.W.2d at 792. It also demands that a judge appear to be impartial so that no doubts or suspicions exist as to the fairness or the integrity of the court. *Id.* A judge should not act as an advocate for any party. *See Ex parte Finn,* 615 S.W.2d 293, 296 (Tex.Civ.App.-Dallas 1981, no writ). Nor should a judge act as any party's adversary. *Id.*

## DISCUSSION

■ Rymer complains the trial judge acted improperly by forcing her to choose between relinquishing the $1200 she paid into the registry of the court or relinquishing her right to pursue a claim against her landlord for damages to her property. We agree.

The judge essentially told Rymer to agree to the landlord's terms or she would award the landlord the $1200 instead of Rymer; but there is no evidence in the record to support the trial court's apparent conclusion that the $1200 would offset Rymer's claim for the damage to her property or to award relief to the landlord. The trial court had already dismissed the case when the landlord asked what would happen to the money in the registry of the court. Without saying so, the trial court essentially reopened the case after the landlord agreed to let Rymer have the $1200 if Rymer agreed to drop all claims against him. This meant Rymer had to agree to forego any claim for property damages she may have had against her landlord.

■ We conclude the judge acted improperly by requiring Rymer to relinquish a potential claim against the landlord in order to settle a lawsuit on the landlord's terms. We further conclude Rymer has shown probable prejudice by having to relinquish a potential claim for property damages against her landlord. We sustain Rymer's issues. We reverse the judgment of the trial court and remand for further proceedings.