

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00267-CV

Kenneth **THOMAS**,
Appellant

v.

**THE PARK AT SUTTON OAKS**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2017CV01615
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:     Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed:  January 10, 2018

AFFIRMED

Appellant Kenneth Thomas appeals the trial court's judgment in favor of Appellee The Park at Sutton Oaks granting Appellee possession of an apartment occupied by Thomas and ordering Thomas to pay back rent, attorney's fees, and court costs. Because Thomas did not file a brief in compliance with the Texas Rules of Appellate Procedure, we affirm the judgment of the trial court.

**DISCUSSION**

Appellee brought a forcible detainer action against Thomas to evict Thomas from one of Appellee's apartments. On April 17, 2017, the trial court entered a judgment granting Appellee possession of the premises and ordering Thomas to pay back rent in the amount of $100, attorney's fees in the amount of $1,500, and court costs in the amount of $116. Thomas appealed.

On June 30, 2017, Thomas, acting *pro se*, filed his original brief. We ordered Thomas's original brief stricken for failure to comply with Rules 9.4, 9.5, and 38.1 of the Texas Rules of Appellate Procedure and further ordered Thomas to file an amended brief. *See* TEX. R. APP. P. 9.4(g), 9.5(a), (d), 38.1(a)-(k). In the order, we stated that if Thomas failed to file an amended brief complying with the rules, we "may strike the brief, prohibit [Thomas] from filing another, and proceed as if [he] had failed to file a brief." *See id.* at 38.9(a).

On September 27, 2017, Thomas filed an amended brief that was also deemed defective. On October 9, 2017, we notified Thomas by letter that the amended brief "still fails to include a statement of facts with record references and the argument portion of the brief does not contain any actual legal argument and is also unsupported by record references." *See id.* at 38.1(g), (i) (requiring briefs to contain a statement of facts with record references and "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). We advised Thomas that we may consider his appellate complaints waived due to inadequate briefing if he failed to correct the noted deficiencies. Thomas did not file a second amended brief.

A *pro se* appellant's brief should be construed liberally. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, a *pro se* party must comply with all applicable procedural rules and on appeal must properly present its case. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). It is the appellant's burden to discuss his assertions of error. *Id.* An appellate court has no duty—or even right—to perform an independent review of the record and

applicable law to determine whether there was error. *Id.* Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id.*

Thomas's amended brief contains merely a list of phrases and statements, sometimes with citation to legal authority. Most of the purported issues listed by Thomas appear to pertain to acts or omissions allegedly committed by Appellee. Moreover, most of the phrases and statements listed by Thomas are indiscernible as issues presented for appellate review (e.g., "Landlord's unclean hands and equity," "Discriminatory in violation of the Fair Housing Act," "Retaliatory Eviction"). At no point in his amended brief does Thomas explain how or why the trial court erred or provide citations to the record.

The closest Thomas comes to presenting a discernible issue for our review is the statement, "Improper Role by Judge as an Advocate for one Party." *See Rymer v. Lewis*, 206 S.W.3d 732, 736 (Tex. App.—Dallas 2006, no pet.) ("A judge should not act as an advocate for any party."). However, Thomas does not cite to anything in the record to support his apparent contention that the trial court erred by acting as an advocate for one of the parties. Nor does Thomas explain how the trial court acted improperly as an advocate. We will not perform an independent review of the record to determine whether the trial court erred. *See Valadez*, 238 S.W.3d at 845.

Because Thomas's amended brief fails to include any citations to the record, any actual legal analysis, or any explanation as to why the trial court erred, we conclude Thomas has waived his appellate complaints by failing to comply with the briefing rules set forth in Rule 38.1 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1(i); *Castro v. Castro*, No. 04-14-00785-CV, 2015 WL 8984139, at *2 (Tex. App.—San Antonio, Dec. 16, 2015, pet. denied).

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Irene Rios, Justice