**Concur; Opinion Filed August 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00050-CV**
_____

**WINSTEAD PC, Appellant**
**V.**
**DEWEY M. MOORE, JR., Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-15858**

## CONCURRING OPINION TO DENIAL OF EN BANC CONSIDERATION

Opinion by Justice Schenck

I concur in the Court's decision to deny *en banc* consideration of this case. I write separately not to address the merits but to address the procedures surrounding this case. Specifically, and once again, I am compelled to write because the delay in the parties' hearing from the Court and of the attempted change in the result between the parties at the panel reflects knowing and persistent departure from the governing rules and gives rise to a palpable due process problem.

The panel opinion was prepared some months ago. As I have detailed elsewhere,[1] the rules of appellate procedure require cases to be assigned to panels for decision and judgment to be handed down "promptly after submission," except in those extraordinarily rare circumstances where the Court has determined to convene for *en banc* consideration at the outset. *See* TEX. R. APP. P. 41.1, 43.1.[2] However, despite rule 41.1 and despite this Court's internal operating procedures,[3] several justices who were not on the panel recorded votes to delay release of the opinion to the parties as the opinion circulated to the full Court in late March. As no immediate timing urgency appeared to present itself and the issue of whether any such vote could ever be appropriate was already a vigorous point of controversy in another pending *en banc* proceeding, the panel majority conferred and elected to hold the panel opinion in order to avoid further inflaming the procedural controversy and in recognition of the non-panel members' two-week study votes.

---

[1] *See Steward Health v. Saidara*, No. 05-19-00274-CV, 2021 WL _____ (Tex. App.—Dallas Aug. \_\_, 2021, no pet. h.) (Schenck, J., concurring).

[2] Where a case is assigned to the panel for decision, the Court "must render a judgment in accordance with the panel's opinion," *id.*, and the opinion should be made known to the parties and be available to the public. TEX. R. APP. P. 47.3. The supreme court affirmed the right of any nonpanel justice to write a dissent from the full court's decision not to consider the case *en banc*—and the obligation of the appellate court to release that dissenting opinion—but made no suggestion contrary to the plain language of rule 41.1 that a single justice or justices of the Court could belay release of the panel opinion to the parties or the public. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 96 (Tex. 1992).

[3] No rule (or internal operating procedure of this Court) could provide otherwise under the plain language of rule 41.1's mandate that "except as otherwise provided in these rules (i.e., the appellate rules themselves), the "court must render a judgment in accordance with the panel opinion." *See also* TEX. R. APP. P. 1.2 (permitting local rules only where consistent with rules of appellate procedure and pre-approved by supreme court).

What the panel members did not know, and what one of the delaying non-panel justices did not share, was that he was separately authoring and would, on April 5, 2021, release without prior circulation to the full Court or this panel, a memorandum opinion in another case, involving the same statute but not the same legal arguments. The opinion in the other case was released with *dicta* coinciding with the issues actually raised in this case and so conspicuous in its presence as to cause neutral observers of the Court to comment on its presence.[4] As civil memorandum opinions are controlling precedent, TEX. R. APP. P. 47.7(b), the author of that opinion (one of the justices interceding to delay release of the opinion in this case) then asserted that the result between the parties in this case should be changed in accordance with his later unpublished decision as ostensibly a "prior" panel holding.

To be sure, every member of the Court has the right to request reconsideration *en banc* of any panel decision and to write any opinion he or she deems appropriate in connection with that process. TEX. R. APP. P. 49. However, nothing in the Texas Rules of Appellate Procedure—or, for that matter, this Court's internal operating procedures regarding civil cases—purports to authorize a justice outside the panel to delay the release of a panel decision pending his assent and efforts to secure reconsideration, much less to create the very circumstances purporting to require the

---

[4] *See* 600Commerce.com, *Publicity Agent?*, April 20, 2021.

reconsideration and a resulting change in outcome between the litigants in that other case.

Departing from the rules and our internal procedures deprives the litigants of their right to a decision and judgment in accordance with them, and hence, literally due process.[5] Much worse, however, than the delay that such a process entails,[6] is the obvious constitutional concerns it creates, particularly where the delay can be seen as an effort to force a change in the result of the panel on which the Justice was not assigned. Such efforts to obstruct the precedential effect of a panel decision, regardless of whether the Court as a whole would even agree to convene *en banc*, much less agree to the new result, may also be seen as an attempt to benefit a subsequent litigant or litigants, whether intended or not. If the votes for a change in the Court's precedent exist among the *en banc* court, then its decision will eventually provide and so control as between the litigants before us and in the future.

Withholding release of the panel opinion in the interim deprives the parties of their right to a timely decision (despite TEX. R. APP. P. 12.6, 47.3) in all and especially accelerated appeals such as this and creates more ominous prospects of potentially manipulating the result at the panel *despite the lack of support from a*

---

[5] As I have detailed elsewhere, the parties are entitled to be heard in accordance with the law, including the rules of appellate procedure and our internal operating procedures as authorized by law. *See In re Yates*, 960 S.W.2d 652 (Tex. 1997); *Steward Health Saidara*, 2021 WL _____ (Schenck, J., concurring).

[6] This is an accelerated appeal. The notice of appeal was filed January 9, 2020. While this case suffers from a less extensive delay and fewer obstructive irregularities than those involved in *Steward Health*, both give rise to the appearance that the results between parties are not the subject of impartial application of the rule of law.

–4–

*majority of the Court.* Moreover, delaying release of the panel opinion deprives the parties, our constituents, and the public of knowing what the correct rule of law is going forward. *See* TEX. R. APP. P. 47.3.

This case now presents a question that should never have to be asked: whether a decided, circulated, and unreleased panel decision is not a prior panel precedent under the rule of orderliness. *See MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.). While the answer will presumably have to await the next case to confront that question, I will note a negative answer would strain the notion of what a "prior" decision might mean and would incentivize mischief. The more obvious problem is why (and especially how) such a question would ever arise in a tribunal that is impartial as between the contestants and the subject matter. *See Caperton v. A.T. Massey Coal*, 556 U.S. 868 (2009); *Rymer v. Lewis*, 206 S.W.3d 732, 736 (Tex. App.—Dallas 2006, no pet.). As Texas judges are subject to a self-directed, mandatory obligation not even to sit in cases where they cannot resist actions favoring a particular outcome relative to *either* the parties or the subject matter, one would think the issue would not arise. TEX. R. CIV. P. 18b(2). That this issue arises in this case after and, indeed, in the midst of another *en banc* controversy surrounding similar delay and panel obstruction is disheartening. While the Court's majority declined to join in this particular effort to reverse the outcome of the panel,

we are still left with the question of whether the interceding, memorandum opinion dicta will be said to speak for the Court despite the circumstances.

My writing here is not a matter of preference or even choice. As detailed elsewhere, the Court has confronted, and continues to confront, persistent challenges in its processes that permeate the results of its proceedings here and in other cases, requiring appropriate action. Changes to our governing procedures are overdue, as is the need to take appropriate action where we deviate from those rules more generally. These actions and changes are necessary to uphold and enforce the due process rights of every party appearing before us, "so that no doubts or suspicions exist as to the fairness or the integrity of the court." *See Rymer*, 206 S.W.3d at 736.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200050CF.P05